UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES O. PAIGE, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CV-388-TLS |
| | ) | |
| JAMES MORRIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

James Page and Jesse Robinson submitted the complaint in this case under 42 U.S.C. § 1983, asserting that the defendants violated their federally protected rights. According to the complaint, prison officials confiscated and destroyed correspondence Mr. Paige sent to Mr. Robinson without sufficient procedural safeguards. The case is before the court on the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted if the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law. Dismissal of a complaint under a motion for judgment on the pleadings, as with a motion to dismiss pursuant to Rule12(b)(6), is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). *See also Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). This court must accept the well-pleaded, factual allegations of the complaint as true, "construe such allegations in favor of the plaintiff," *Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992), and construe the complaint with great deference to a *pro se* party. *Haines v. Kerner*, 404 U.S. 519 (1972)."Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be

granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. at 73.

The plaintiffs allege that the confiscation of mail Mr. Paige sent to Mr. Robinson violated the Eighth Amendment's prohibition against cruel and unusual punishments. The Eighth Amendment applies only to convicted felons, *Ingraham v. Wright*, 430 U.S. 651, 664 (1997), so it has no application to Mr. Paige.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment protects against too rigorous conditions of confinement, not against confiscation or destruction of property, so Mr. Robinson's claim that the defendants' confiscated a few items of mail states no Eighth Amendment claim upon which relief can be granted.

The plaintiffs also allege that the defendants' actions subjected them to denial of property without due process of law in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). Accordingly, the confiscation of the plaintiffs' property does not implicate the Fifth Amendment's due process clause.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act

provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Wilson v. Civil Twp. of Clayton*, 839 F.2d 375 (7th Cir. 1988). Accordingly, the confiscation of the plaintiffs' property does not implicate the Fourteenth Amendment's due process clause.

The defendants characterize the plaintiff's First Amendment claim as a Fourth Amendment claim. According to the defendants, "it is obvious that Plaintiffs mistakenly reference the First Amendment rather than the Fourth Amendment." (Memorandum in Support of the Motion for Judgment on the Pleadings at p. 4). They then expound on the inapplicability of the Fourth Amendment to the plaintiffs' claims.

But it is for the plaintiffs, not the defendants, to select the theories under which they wish to proceed. When reviewing motions to dismiss *pro se* complaints, the court must construe the complaint with great deference to a *pro se* party. *Haines v. Kerner*, 404 U.S. 519 (1972). Because the plaintiffs characterize their claim as a First Amendment claim, the court will consider their claim under the First Amendment.

The Supreme Court has recognized that "(p)rison walls do not form a barrier separating prison inmates from the protections of the constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987). Prisoners retain their First Amendment rights to communicate with family and friends, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), though prison officials may reasonably regulate correspondence to and from prisoners. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Correspondence by letter to an inmate is communication covered by the First Amendment, and a "decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974). Regulations governing mail sent to prisoners are analyzed under the reasonableness standard, and prison regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh v. Abbott*, 490 U.S. 402 (1989).

3

The complaint alleges that the defendants confiscated the plaintiff's correspondence without procedural safeguards. In their response to the motion for judgment on the pleadings, the plaintiffs assert that the defendants confiscated their mail without a legitimate penological interest. Giving the plaintiffs the benefit of the inferences to which they are entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with their First Amendment claim that the defendants confiscated mail without a legitimate penological interest and without minimum procedural safeguards.

For the foregoing reasons, the court GRANTS the defendants' motion for judgment on the pleadings [DE 70] in part and DENIES it in part. The court GRANTS the defendants' motion for judgment on the pleadings on all claims except the First Amendment claim and DISMISSES all claims except the First Amendment claim. The court DENIES the defendants' motion for judgment on the pleadings on the plaintiffs' claim that the defendants' confiscation and destruction of their mail violated rights protected by the First Amendment. A telephone status conference is SET for Tuesday, October 4, 2005 at 1:30 PM before Judge Theresa L. Springmann.  Plaintiff's James O Paige Sr and Jesse Robinson are to provide the Court with current telephone numbers.  The Court will initiate the call.

SO ORDERED on September 27, 2005.

  S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT