UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES O. PAIGE, SR., and<br>JESSE ROBINSON,<br><br>      Plaintiffs,<br><br>  v.<br><br>JOHN/JANE DOE, in his/her individual<br>capacity and official capacity as B. GIBB,<br>C.C.4, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 1:03-CV-388<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court are two motions filed by *pro se* Plaintiffs James O. Paige, Sr. and Jesse Robinson: (1) a Motion to Strike the Defendants' motion for summary judgment (Docket # 84); and (2) a Motion for Enlargement of Time to File Reply to Defendants' Motion for Summary Judgment. (Docket # 83.) For the following reasons, the motion to strike will be DENIED, while the motion for an extension of time will be GRANTED.

On January 9, 2006, the Plaintiffs filed a motion to strike, alleging that the Defendants' motion for summary judgment filed on December 14, 2005, (Docket # 80) was untimely. (Motion to Strike ¶¶ 1-3.) Their argument, however, is based on a scrivener's error in the Court's October 4, 2005, Order (Docket # 78), which transposed the deadline for filing a motion for summary judgment with the deadline for the Defendants to substitute the appearance of their new attorney. The Defendants, by their Motion to Correct Clerical Error (Docket #97), brought this to the Court's attention, and the Court corrected the error by its January 31, 2006, Entry (Docket # 88) to reflect the dates given to the parties during the October 4, 2005, status conference, which set the deadline for filing a motion for summary judgment for December 14,

2005. Indeed, Federal Rule of Civil Procedure 60(a) allows for "[c]lerical mistakes in . . . orders . . . and errors therein arising from oversight or omission [to] be corrected by the court at any time." Fed. R. Civ. P. 60(a). As the Defendants timely filed their motion for summary judgment on December 14, 2006, the Plaintiffs' motion to strike will be DENIED.

Also on January 9, 2006, the Plaintiffs filed their "Motion for Enlargement of Time to File Reply to Defendants' Motion for Summary Judgment," arguing that because the Defendants named a new defendant in their motion for summary judgment who was previously identified by Plaintiffs as "John/Jane Doe Defendant," the Plaintiffs now need more time to complete unlimited discovery and to file an amended complaint. In their original complaint, the Plaintiffs allege that in *February 2003*, the Defendants violated their First Amendment rights when the Defendants confiscated two pieces of correspondence sent to Plaintiff Robinson, an inmate at the Miami Correctional Facility, by Plaintiff Paige. (Compl. 3-4.)[1] Because the two-year statute of limitations has expired, *see Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (7th Cir. 2005), whether the Plaintiffs currently know or can discover the identity of another defendant is irrelevant unless their amended complaint naming that defendant "relates back" to their original complaint. *See* Fed. R. Civ. P. 15(c)(3); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

The Seventh Circuit has interpreted Rule 15(c)(3) to permit an amendment to "relate back" to the original complaint only where "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Id.* (citing

---

[1] Plaintiffs' Complaint made other claims as well, but all except their First Amendment claims were dismissed in the Court's Opinion and Order of September 27, 2005. (Docket # 75.)

2

*Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir.1998) (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980))). By suing "John/Jane Doe Defendant" the Plaintiffs demonstrated "a simple lack of knowledge of the identity of the proper party," *Id.* (citing *Baskin*, 138 F.3d at 704-05), and the Seventh Circuit has consistently held that under such circumstances, an amended complaint naming a previously unknown defendant does not satisfy Rule 15(c)(3)'s mistake requirement. *See Id.* (citing *Baskin*, 138 F.3d at 704; *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998); *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir.1996); *Worthington*, 8 F.3d at 1256-57; *Wood*, 618 F.2d at 1230; *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir.1978)). Thus, even if the Plaintiffs are now able to identify the proper defendant, an amended complaint would not "relate back" to the original complaint and would, therefore, be barred by the statute of limitations.

Furthermore, the Plaintiff's motion is problematic because it comes after the Court's June 21, 2004, deadline for amending the pleadings; after the close of discovery on June 7, 2004 (Docket # 52); and after the Defendants filed their motion for summary judgment. Leave to amend a complaint under Fed. R. Civ. P. 15(a) is freely given when justice so requires; however, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). The Seventh Circuit has uniformly advised "that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995); *see also Figgie Intern Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992); *Bethany*

3

*Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Under Rule 16(b) of the Federal Rules of Civil Procedure, a "schedule shall not be modified except upon a showing of good cause." *See also* N.D. Ind. L.R. 16.1(I). To demonstrate good cause, a party must show that despite its due diligence, the time table could not reasonably have been met. *Tschantz*, 160 F.R.D. at 571. Here, the Plaintiffs have merely made a bald assertion that good cause exists and have not demonstrated why, despite their due diligence, they were not able to discover the identity of this defendant before the court-ordered deadlines.

Although the grounds for Plaintiffs' motion for an extension of time are not persuasive, the Court will nevertheless grant an extension of time for the Plaintiffs to respond to the Defendants' motion for summary judgment so that the Court can consider this matter on its merits. *See generally Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1998) (opining that the Court must take appropriate measures to permit the adjudication of a *pro se* claim on the merits, rather than to dismiss it on technical grounds).

For the foregoing reasons, the Plaintiffs' Motion to Strike (Docket # 84) is DENIED. Furthermore, their Motion for an Enlargement of Time is GRANTED insofar as the Court grants the Plaintiffs an extension of time to file a response brief; the Court will not reopen discovery or

allow the Plaintiffs to amend their complaint to name a new defendant. The Plaintiffs are given until March 2, 2006, to respond to the Defendants' motion for summary judgment.

    SO ORDERED.

    Enter for February 3, 2006.

                                                /S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge