UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES O. PAIGE, SR., and<br>JESSE ROBINSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CAUSE NO. 1:03-CV-388-TS |
| LaDONNA MITCHEL, *et al.* | )<br>)<br>) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs, James Page and Jesse Robinson, submitted their Complaint in this case under 42 U.S.C. § 1983, asserting that the Defendants, James Morris, Barbara Gibbs, Donald Matthews, Jim Hoover, Chris Johnson, and LaDonna Mitchell violated their federally protected rights under the First, Fifth, Eighth, and Fourteenth Amendments. The Plaintiffs' sole remaining claim is that prison officials at the Miami Correctional Facility (MCF) violated their First Amendment rights when they confiscated and destroyed correspondence that Paige (a non-inmate) sent to Robinson (an inmate) through the United States mail. The case is before the Court on the Defendants' Motion for Summary Judgment [DE 80], filed on December 14, 2005.

**BACKGROUND**

On October 16, 2003, the Plaintiffs filed their pro se Complaint and Motion for Preliminary Injunction. On November 25, the Court denied the Motion for Preliminary Injunction. On December 11, the Defendants filed their Answer and Affirmative Defenses. On January 5, 2004, Plaintiff Robinson moved to amend the Complaint, which the Court denied on January 16. On September 10, the Court dismissed Defendant James Morris from the suit for failure of the Plaintiffs to effectuate service of process.

On October 29, the remaining Defendants filed a Motion for Judgment on the Pleadings. On November 22, the Plaintiffs responded and on September 27, 2005, the Court granted the Defendants' motion on all claims except the Plaintiffs' First Amendment claim. The First Amendment claim survived dismissal because, giving the Plaintiffs the benefit of the inferences to which they were entitled at the pleading stage, the Court could not say that no relief could be granted under any set of facts consistent with their claims that the Defendants confiscated their mail without a legitimate penological reason and without minimum procedural safeguards.

On December 14, 2005, the Defendants moved for summary judgment on the remaining claim, arguing that the confiscation of the Plaintiffs' correspondence did not violate the First Amendment because it was pursuant to valid prison regulations that contained procedural safeguards. Additionally, Defendants Mitchell, Matthews, and Hoover submit that they are entitled to summary judgment because they were not personally involved in the confiscation of the Plaintiffs' mail. The Defendants also assert a qualified immunity defense.

On March 2, the Plaintiffs responded. They argue that the confiscation was not based on any legitimate penological interest, but was arbitrary and capricious, and did not afford them adequate procedural protections.

The Defendants' reply, filed on March 16, reasserts their argument that because the documents were confiscated pursuant to a prison regulation that was reasonably related to legitimate penological interest with procedural safeguards, there was no First Amendment violation.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific

3

facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Comm'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443. However, under Northern District of Indiana Local Rule 56.1(b), the Court is to assume that the facts claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence.

**MATERIAL FACTS**

On February 7, 2003, Paige mailed three packages to Robinson, who was an inmate at MCF. On February 13, 2003, Barbara Gibbs, who was working in the mail room at MCF, confiscated two of the three packages, which contained plastic spiral-bound legal documents. To record her action and obtain the necessary signature of approval, she completed a Notice of Report of Action Taken on Correspondence and attached the confiscated materials. The Notice advised that the bound legal

4

documents were not from an attorney and that a letter had been forwarded to Robinson. The next day, February 14, T. Hewitt approved the confiscation.

After receiving notice of the confiscation, Robinson completed a Disposition of Offender Property/Correspondence Form, in which he was provided a list of options for the disposition of the confiscated materials: (1) give to charity; (2) retain for use by the Department of Correction, at the Department's discretion; (3) mail to a person at an address designated by the offender; or (4) destroy. (Complaint, Exs. 26, 27.) He was also given the option to indicate that he planned to file a grievance regarding the withholding of the items, in which case the items would be held until the grievance was decided. This last option is the one that Robinson marked. Consistent with his noted intent on the Disposition Form, Robinson filed a grievance to appeal the confiscation. During the pendency of the grievance, the prison held the documents. The prison denied the grievance at each step and, on May 16, 2003, the documents were destroyed.[1]

MCF Policy Number 02-01-103 governs prisoners' access to the public through the "sending and receipt of correspondence, packages, and publications," and "prescribes the parameters in which the department may restrict this access." (DE 81 at 19.) Under this Policy, prison staff may open and withhold correspondence that contains contraband or prohibited property. (DE 81 at 24.) Among those items listed in the Operational Procedures for Policy Number 02-01-103, as unauthorized to be sent into the facility, are metal or heavy plastic spiral binders because they can be used to fashion a weapon or as contraband fasteners. (DE 93 at 44.)

---

[1] The Plaintiffs' Complaint and Appendix establish that the third package was also a plastic spiral bound document that, like the first two packages, was confiscated and destroyed. It was processed separately because it arrived at the jail after the first two documents. The Defendants do not discuss the third package, but this is of no import because the reasons given, and the procedures followed, for confiscation and destruction were the same for all three documents. The Court's analysis of whether the jail violated the Plaintiffs' First Amendment rights applies to all three documents.

**DISCUSSION**

Section 1983 provides a cause of action against government employees who, acting under color of law in their official capacity, violate the constitutional rights of another. 42 U.S.C. § 1983. These government officials, however, are sheltered from civil liability in their individual capacities as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity); *Montville v. Lewis*, 87 F.3d 900, 902–03 (7th Cir.1996). This qualified immunity protects all but the plainly incompetent and those who knowingly violate the law. *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir.1993). Once a defendant raises a qualified immunity defense, the plaintiff bears the burden of demonstrating: (1) that a constitutional violation transpired, and (2) that the pertinent constitutional standards were clearly established at the time of the alleged violation. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir.1996); *Clash v. Beatty*, 77 F.3d 1045, 1047 (7th Cir.1996). Therefore, the first question is whether any constitutional violation transpired. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (explaining that threshold question in two-step qualified immunity inquiry is whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right).

The constitutional right implicated in this case is derived from the First Amendment. The Supreme Court has recognized that "(p)rison walls do not form a barrier separating prison inmates from the protections of the constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). Prisoners retain their First Amendment rights to communicate with family and friends, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), but prison officials may reasonably regulate correspondence to and from prisoners. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Such regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh*, 490 U.S. at 413;

*see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir.1986) (preventing contraband from entering a prison is a legitimate penological interest that justifies inspection of incoming mail).

A cursory reading of the Plaintiffs' submission might lead one to conclude that they are making a facial challenge to MCF Policy Number 02-01-103 and the corresponding Operational Procedures. Indeed, the Defendants concluded as much and defend the MCF mail regulations as being within the bounds of the Constitution. However, the Plaintiffs do not actually make such a challenge; they do not point to any deficiencies in the Policy or even cite to any specific language of the Policy or the Operational Procedures. Rather, the Plaintiffs' claims are directed at the manner in which their packages were handled. They claim that the confiscated packages did not present a threat to the prison's interests or security. They further assert that, after the packages were confiscated, the Defendants did not provide procedural safeguards when they failed to give Paige notice of the confiscation and destroyed the documents instead of returning them to Paige. Because these purported deficiencies do not establish a violation of the First Amendment, the Defendants are immune from suit and entitled to judgment as a matter of law.

Although the Plaintiffs claim that the Defendants' determination to withhold the documents was arbitrary and capricious, they do not indicate how. The undisputed evidence is that the confiscated materials were plastic spiral bound documents and that plastic binders were not allowed in the prison because of the risk that they could be used to fashion a weapon or as a contraband fastener. In deciding whether this is a legitimate security concern, it is appropriate for the Court to defer to the expertise of the prison administration.

> Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations,

courts should ordinarily defer to their expert judgment in such matters.

*Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) (citations and quotations marks omitted). There is no evidence that MCF's concern regarding hard plastic binders is exaggerated. Because the Court defers to the MCF administrators' judgment that plastic binders pose a security risk and because there is no dispute that the cited, and actual, reason for the confiscation was the presence of such plastic binders, the Plaintiffs' claim that the prison did not have a legitimate penological reason for withholding their mail does not state a constitutional violation.

The Plaintiff's challenge to MCF's procedures for withholding and destroying their correspondence does not fare any better because the procedural safeguards provided were sufficient to protect the Plaintiffs from "arbitrary governmental invasion." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). Because correspondence by letter to an inmate is communication covered by the First Amendment, a "decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Id.* In *Martinez*, the Supreme Court found that the requirements imposed by the district court, that "an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence" were not "unduly burdensome." 416 U.S. at 418–19. Here, many of those same safeguards were provided. Robinson acknowledges that he received notice of the confiscation of his mail and filed grievances to challenge the prison's action. These grievances were only closed after being reviewed (and denied) by the highest correctional official. Although Robinson was not given an opportunity to challenge the withholding of the packages he sent to Paige, there is nothing in the record to suggest that the outcomes of the grievances would have been different had Robinson joined

8

in Paige's challenge. At each step of the grievance the prison's response was that the documents were confiscated according to its regulations governing incoming mail. As to the ultimate destruction of the documents, Robinson was given the opportunity on two separate Disposition Forms to indicate that he wanted the binders returned to Paige. He did not do so on either Disposition Form or on any other form or paper filed during the three-month grievance process, where he was given full opportunity to voice his concerns and complaints. The fact that the documents were eventually destroyed, rather then returned to the sender, does not state a constitutional claim given the procedural safeguards provided by the prison.

Because the Defendants have raised a qualified immunity defense and the Plaintiffs have not met their burden of proving that a constitutional violation transpired, the Court need not determine whether the right was clearly established. *See Saucier*, 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."). The Defendants are entitled to qualified immunity and to summary judgment on the Plaintiffs' First Amendment claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment [DE 80] is GRANTED. Judgment will be entered in favor of the Defendants and against the Plaintiffs.

SO ORDERED on June 1, 2006.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

9